## O'Kain v. Whittle, etc.

(Decided June 19, 1925.)

### Appeal from Warren Circuit Court.

1. Compromise and Settlement—Evidence Held to Sustain Finding that Case had Been Settled Between Parties by Execution and Delivery of a Check for $50.00.—In suit for commissions from sale of oil property, evidence held to sustain finding that case had been settled between parties by execution and delivery of a check for $50.00.

2. Appeal and Error—Plaintiff could Not Complain that there Were no Pleadings to Support Judgment.—Plaintiff could not complain that there were no pleadings to support judgment against defendant, which had been set aside, where he moved for a rule against surety of defendant to show cause why he should not be required to pay judgment against defendant.

DENHARDT & HUNTSMAN for appellant.

CHANEY & DIXON and RODES & HARLIN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, O'Kain, sued appellee, Whittle, and an oil company operated by him, jointly, to recover $1,400.00 due, as alleged, on commissions arising from the sale of an oil property in Warren county. Whittle and the company denied the claim, and three or four jury trials were had without a verdict. In this way the case dragged along for several months. Both appellant and appellee were nonresidents of Kentucky and appear from the evidence to have resided in Nashville, Tennessee. At a subsequent term of court when Whittle was absent a default judgment was asked by O'Kain and granted by the court, for the full amount claimed against Whittle and his company. An execution was sued out on the judgment and returned "no property found." As Whittle had executed a bond about the time suit was commenced undertaking that any judgment obtained against him and the company would be satisfied, appellant, O'Kain, moved the Warren circuit court for a rule against the surety on the bond to show cause, if any he had, why he should not pay the judgment. When a copy of this rule was served upon the surety he and Whittle came into court and were granted a hearing. There were no written pleadings except the motion, but there was no objection on this account. In answer to the rule Whittle and his surety testified in substance that some time after the last trial of the case O'Kain approached Whittle in Louisville and proposed to compromise the suit for $50.00 cash, which proposition was accepted by Whittle, who gave O'Kain a check for $50.00 on which was indorsed, in substance, the words: "In settlement of the suit of O'Kain v. Whittle, pending in the Warren circuit court."

This check was produced at the trial and bore the indorsement of appellant, O'Kain, and had been paid and was so marked. Appellant, O'Kain, admitted he received the check for $50.00 from Whittle, but stated it was a loan; that he approached Whittle, and asked to borrow $50.00, and was accommodated, but that he did not agree to compromise the suit, and further that the writing on the check to the effect that it was in settlement of the suit had been placed upon the check after he indorsed it, and cashed it. This was denied by appellee, Whittle, who stated that he wrote the check and asked appellant, O'Kain, to give him a receipt in full, showing the settlement of the suit, and O'Kain said he

did not want to give a receipt but for Whittle to write the agreement on the check, and that was done at a different desk and with a different pen and ink, in the presence of both appellee and appellant.

After hearing all the evidence offered by both parties, the court gave opinion that the default judgment taken against Whittle in his absence was erroneous and should not have been entered because the case had been settled between the parties by the execution and delivery of the check for $50.00 mentioned in evidence; that said settlement was made and was valid and binding. The court further adjudged counsel for appellant, O'Kain, entitled to a fee of $200.00 for their services, they having a lien upon the judgment. Perhaps this last order was erroneous but as there is no cross-appeal it will not be disturbed.

The evidence is in such great conflict that the mind is left in doubt as to the rights of the parties, after reading it. We are not prepared to say the trial court did not reach a proper conclusion on the facts.

Appellant insists that there are no pleadings to support the judgment. He is not in position to complain of this for he moved for a rule against the surety of appellee, Whittle, to show cause why he should not be required to pay the judgment against Whittle. No other pleadings were filed and no demurrer or objection to the pleadings or proceedings was entered. At any rate, having proceeded by rule and demanded a showing by the surety of Whittle why the judgment should not be satisfied, appellant is estopped, after judgment, to question the regularity of the proceedings which he instituted.

Finding no error to the prejudice of the substantial rights of appellant, O'Kain, the judgment is affirmed.

Judgment affirmed.